David M. Ring (*Pro Hac Vice*)
Neil K. Gehlawat (*Pro Hac Vice*)
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Phone: (310) 209-4100
Email: ring@taylorring.com
Email: gehlawat@taylorring.com

Timothy J. Conlon
**BURNS & LEVINSON**
One Citizens Plaza, Suite 1100
Providence, Rhode Island 02903
Phone: (401) 831-8370
Email: tconlon@burnslev.com

**Attorneys for Plaintiff JANE DOE**

# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE, an individual;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND, a religious entity; MICHAEL BOWEN SMITH, an individual; and DOES 1-60, inclusive;<br>　　　　　Defendants. | CASE NO. 1:20-cv-500<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL BOWEN SMITH'S MOTION TO DISMISS** |

*///*

*///*

*///*

*///*

1

## I. INTRODUCTION

This case arises out of the sexual abuse of Plaintiff Jane Doe ("Plaintiff") perpetrated against her by her former teacher, Defendant Michael Bowen Smith ("Smith"), while she attended Portsmouth Abbey School ("PAS") in Rhode Island from 2010 to 2014. Smith continued to harass and cyberstalk Plaintiff for several years after she graduated from PAS. After Plaintiff enlisted PAS' help in 2017, the school steered Plaintiff to a consultant for the Catholic Church, who in turn referred Plaintiff to a New Mexico law firm that routinely represented the Catholic Church against claims brought by victims of sexual abuse. Together with the consultant and law firm, PAS engaged in a scheme to ensure that Plaintiff's deadline for filing a lawsuit against PAS expired while she remained a client of the New Mexico law firm.

On December 18, 2020, Plaintiff filed her First Amended Complaint ("FAC") against Smith and PAS.[1] Smith has now filed a Motion to Dismiss ("Motion") for lack of subject matter jurisdiction. For the reasons articulated below, Plaintiff opposes Smith's Motion.

## II. ARGUMENT

### a. The parties have entered into a stipulation to dismiss all Doe defendants.

Smith contends that Plaintiff's inclusion of Doe defendants in the FAC destroys diversity jurisdiction. In response to Smith's Motion, the parties met and conferred and entered into a stipulation wherein Plaintiff agreed to dismiss all Doe defendants. This stipulation was filed with the Court on February 24, 2021. As such, Smith's argument in this regard is moot.

### b. Lewis, Roca is not an indispensable party to this case.

Smith contends that Lewis Roca Rothgerber Christie, LLP ("Lewis, Roca") – the New Mexico law firm that was paid for by PAS to represent Plaintiff – is an indispensable party to the case pursuant to Federal Rule of Civil Procedure ("FRCP") 19. Although not stated explicitly, Smith's Motion is presumably brought pursuant to FRCP Rule 12(b)(7), for failure to join a party under Rule 19. Rule 19 requires joinder of a party who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction if: (1) in that party's absence, the court cannot accord complete relief among existing parties; or (2) that party claims an interest in the action and is so situated

---

[1] Plaintiff has separately filed a lawsuit against the New Mexico law firm (Lewis Roca Rothgerber Christie, LLP). That case is pending in the United States District Court for the District of New Mexico (Case No. 1:20-cv-01365-KWR-LF).

that disposing of the action in that party's absence may impair or impede their ability to protect their interest or leave them at risk of incurring inconsistent obligations. Fed. R. Civ. P. 19.

First, this Court can accord complete relief among the parties in this case without Lewis, Roca. Although the conduct of Lewis, Roca and its lawyers are relevant to Plaintiff's theories of estoppel and fraudulent concealment, their participation (as a party) is not required to resolve Plaintiff's claims against Smith and PAS. Plaintiff's claims against Smith and PAS primarily revolve around her tenure as a student at PAS; her claims against Lewis, Roca arise out of their representation of her after she graduated from PAS.

Second, to Plaintiff's knowledge, Lewis, Roca is not claiming an interest in the subject action. Counsel for Lewis, Roca are aware of this case and are opposed to consolidation of the two cases. There is also little risk that proceeding without Lewis, Roca will subject them to inconsistent obligations. The only parties against whom judgment can be entered in this case are Plaintiff, Smith, and PAS.

Finally, there is an outstanding question of whether Rhode Island would be the proper venue for Plaintiff's claims against Lewis, Roca. Although Lewis, Roca transacted with PAS and its representatives (since PAS was paying Lewis, Roca to represent Plaintiff), Lewis, Roca is an Arizona corporation and its dealings with Plaintiff occurred between California and New Mexico. As such, joinder may have the effect of making this venue (Rhode Island) improper. *See* Fed. R. Civ. P. 19(a)(3).

Notwithstanding the above, Plaintiff does believe that there are many overlapping issues between the two cases, and coordination of discovery between the two cases would be prudent and efficient. There are many witnesses who need to be deposed in both cases. For example, the Lewis, Roca lawyers need to be deposed in this case as it relates to the issues of estoppel and fraudulent concealment; they also have to be deposed in Plaintiff's New Mexico case alleging professional negligence. Moreover, since Plaintiff has to prove the "case within a case" in her claims against Lewis, Roca (i.e. that she would have prevailed in her claims against PAS if Lewis, Roca did not commit malpractice), students and faculty at PAS who have knowledge of the facts alleged in Plaintiff's FAC would need to be deposed in both cases. As such, in order to avoid duplicate depositions and inconsistent testimony, Plaintiff believes that discovery between the two cases should be consolidated and coordinated.[2]

---

[2] It should be noted that the parties in the New Mexico case have already participated in their Rule 26(f) conference with the court. As such, discovery has commenced in that case.

**PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL BOWEN SMITH'S MOTION TO DISMISS**

**c. Even if Lewis, Roca is joined to the case, their addition will not destroy diversity jurisdiction.**

For the reasons stated above, Plaintiff contends that Lewis, Roca is not an indispensable party to this case. However, even if that were the case, Smith's Motion erroneously states that Lewis, Roca's addition to the case will destroy diversity jurisdiction. Lewis, Roca is a citizen of Arizona, not New Mexico, as alleged in Smith's moving papers; this is the reason why Plaintiff's complaint against Lewis, Roca was removed from New Mexico state court to New Mexico federal court. (Attached hereto is Exhibit A, which is Lewis, Roca's Notice of Removal). As such, the addition of Lewis, Roca to this case will not destroy diversity jurisdiction.

## III. CONCLUSION

For the reasons stated above, Plaintiff requests that the Court deny Defendant Smith's Motion.

Dated: February 26, 2021                By Attorneys for Plaintiff,

                                                  /s/ David M. Ring
                                                  /s/ Neil K. Gehlawat
David M. Ring (CA Bar # 151124)
Neil K. Gehlawat (CA Bar # 289388)
TAYLOR & RING LLP
1230 Rosecrans Ave., Suite 360
Manhattan Beach, CA 90266
Phone: (310) 209-4100
Fax:   (310) 208-5052
Email: ring@taylorring.com;
Email: gehlawat@taylorring.com

**PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL BOWEN SMITH'S MOTION TO DISMISS**

## **CERTIFICATE OF SERVICE**

I certify that on the 26th day of February, 2021, this Opposition to Defendant Michael Bowen Smith's Motion to Dismiss was filed and served upon counsel of record via the Court's CM/ECF system.

/s/ Neil K. Gehlawat

# EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/30/2020 6:11 PM
CLERK OF THE COURT
Patsy Baca

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JANE DOE, an individual,

    Plaintiff,

v.   No. D-202-CV-2020-06541

LEWIS ROCA ROTHGERBER CHRISTIE LLP,
a limited liability partnership; and DOES 1-60 inclusive,

    Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441 and 1446, Defendant Lewis Roca Rothgerber Christie LLP, on the 30th day of December, 2020, filed a Notice of Removal in the United States District Court for the District of New Mexico, a copy of which is attached hereto (without exhibits) and incorporated herein as **Exhibit 1**, and that said matter shall proceed thereafter in the United States District Court for the District of New Mexico.

DATED: December 30, 2020.

    Respectfully submitted,

    MODRALL, SPERLING, ROEHL, HARRIS
      & SISK, P.A.

    By: */s/ Rufus E. Thompson*
      Rufus E. Thompson (ret@modrall.com)
      Tim L. Fields (tlf@modrall.com)
      Tiffany L. Roach Martin (tlr@modrall.com)
      P.O. Box 2168
      Albuquerque, NM 87103-2168
      Telephone: (505) 848-1800
      Fax No. (505) 848-9710

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed and served through Odyssey file and serve and emailed to the following counsel of record this 30th day of December, 2020.

F. Michael Hart
Kelly Stout Sanchez
Martinez Hart Thompson & Sanchez, PC
1801 Rio Grande Blvd. NW, Suite A
Albuquerque, NM 87104
505-343-1776
505-344-7709 fax
mikeh@osolawfirm.com
kellys@osolawfirm.com

David M. Ring
Neil K. Gehlawat
Taylor & Ring
1230 Rosencrans Ave., Suite 360
Manhattan Beach, CA 90266
310-209-4100
ring@taylorring.com
gehlawat@taylorring.com


By: ___/s/ *Rufus E. Thompson*___
      Rufus E. Thompson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE, an individual,

    Plaintiff,

v.   Case No. _____

LEWIS ROCA ROTHGERBER CHRISTIE LLP,
a limited liability partnership, and Does 1-60, inclusive,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Lewis Roca Rothgerber Christie LLP ("Defendant" or "Lewis Roca"), by and through the undersigned counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Rufus E. Thompson, Tim L. Fields, and Tiffany Roach Martin), hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico County of Bernalillo, Second Judicial District Court, to the United States District Court for the District of New Mexico. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship).

### I. Introduction.

1. On December 1, 2020, Plaintiff, Jane Doe ("Plaintiff"), filed a lawsuit against Lewis Roca in the State of New Mexico, County of Bernalillo, Second Judicial District Court, captioned as *Jane Doe, an individual v. Lewis Roca Rothgerber Christie LLP, a limited liability partnership, et al.*, Case No. D-202-CV-2020-06541. A true and correct copy of the Complaint and all other documents filed in the Second Judicial District are attached hereto as Exhibit A.

2. Plaintiff's Complaint alleges she is a resident of New Mexico. She is a citizen of New Mexico for diversity jurisdiction purposes. *See* Ex. A, Compl. ¶ 2.

**EXHIBIT 1**

3. Plaintiff asserts claims against Lewis Roca for alleged professional negligence, breach of contract, and breach of fiduciary duty. *See id.*, Compl. Counts I, II and III. Plaintiff alleges that she "has incurred injuries, damages and losses." *See id.* ¶ 45. Plaintiff also claims to be entitled to compensatory and consequential damages. *See id.* The face of Plaintiff's Complaint does not pray for a specific amount of damages, but the nature of Plaintiff's claims and the statements she made in pre-suit correspondence and to the press, establish she seeks damages well in excess of $75,000, exclusive of interest and costs.

4. Does 1-60 are fictional Defendants whose citizenship is disregarded for purposes of diversity.

5. Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within thirty (30) days after receipt by Lewis Roca of the Complaint, though Lewis Roca has not been served.

6. As of the date of this filing, the docket for the state court action shows that the Complaint was never amended to identify any "Doe" Defendant, no summons were issued to any "Doe" Defendants, and Plaintiff has not filed a return of service for them. *See* Ex. A, Register of Actions.

7. The "Doe" Defendants have not been properly served with the Complaint and Summons; therefore, they are not properly joined and served parties to this Action, pursuant to 28 U.S.C. § 1441.

8. The citizenship of these fictitious "Doe" parties is not relevant to the assessment of whether there is complete diversity between the parties.

9. In order to ensure protection of their full rights, and to help facilitate the efficient resolution of this matter, Lewis Roca hereby removes this case to this Court.

10. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Lewis Roca has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. The Procedural Requirements For Removal Have Been Satisfied.

11. The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

12. Copies of the Complaint and all other pleadings filed in the Second Judicial District Court are attached hereto as Exhibit A.

13. A copy of this Notice of Removal is being served on counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico, as provided by 28 U.S.C. § 1446(d).

14. Consent of all defendants who have been served is required to properly effect removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). No defendants have been served in this case.

15. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

16. Pursuant to 28 U.S.C. § 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."

17. Under the applicable provisions of 28 U.S.C. § 1441 and § 1446(b) and other applicable statutes, with which Lewis Roca has complied, this cause of action is removable to the United States District Court for the District of New Mexico.

### III. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

18. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

A. Complete Diversity of Citizenship Exists.

19. Under 28 U.S.C. § 1332, diversity for purposes of jurisdiction of federal court means total diversity, that is, "all the parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965). Upon information and belief, and in accordance with Plaintiff's allegations in the Complaint, Plaintiff was at the time suit was filed and is at the time this suit is removed, a citizen of the state of New Mexico. *See* Ex. A, Compl. ¶ 2.

20. Lewis Roca is now and was at the time Plaintiff commenced this action, an Arizona limited liability partnership. The principal place of business for Lewis Roca was and is Arizona. The persons identified in the list attached as Exhibit B are the equity owners of that limited liability partnership law firm because they receive a share of the profits of the law firm business and have voting rights in the limited liability partnership. *See* Declaration of Lawrence A. Kasten attached hereto as Exhibit B-1, ¶¶ 4, 5. Each equity owner's state of citizenship is set forth by his or her name in Exhibit B. Accordingly, Lewis Roca is a limited liability partnership and its equity

partners were not at the time suit was filed and are not now citizens of the state of New Mexico for diversity purposes.[1] *See also Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011) (limited partnership is citizen of every state in which any of its partners is a citizen) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

21. There is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

B. The Amount in Controversy Exceeds $75,000.

22. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

23. The face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff instead claims damages for "injuries, damages and losses" and she prays for "compensatory and consequential damages." *See* Ex. A, Compl. ¶¶ 33, 45.

24. Given the nature of Plaintiff's alleged "injuries, damages and losses," and her prayer for "compensatory and consequential damages", the amount-in-controversy requirement is satisfied. Plaintiff claims that as a result of the alleged abuse she suffered at Portsmouth Abbey, she "started having serious emotional issues and dropped out of college." *See* Ex. A, Compl. ¶ 9. While Lewis Roca was retained by Plaintiff for a limited and separate purpose, Plaintiff nevertheless alleges that, "[d]espite knowing that Plaintiff had been abused by Smith at Portsmouth

---

[1] Ross Crown is the only attorney in Lewis Roca's New Mexico office. *See* Exhibit B-1, Declaration of Lawrence A. Kasten, ¶ 7. Mr. Crown's position is "Senior Partner," which is not an equity partnership position at the firm. *See id.* He is a contracted attorney, does not have a capital contribution to the partnership, does not have voting rights, and does not share in profits or liabilities of the partnership, but rather is a salaried employee under the terms of his employment agreement. *See id.* at ¶¶ 6, 7. *See also Passavant Memorial Area Hospital Association v. Lancaster Pollard & Co.*, 2012 WL 119402, U.S.D.C., C.D. Ill. (April 3, 2012) ("Peck, Shaffer's contract partners do not share the attributes of a general or limited partner. They are not owners of Peck, Shaffer. They have no investment at risk. They do not share in the profits or losses. They do not participate in management of the partnership. They are employees or independent contractors with a title. They are not partners.").

Abbey (a Catholic school), none of the lawyers working on her case ever informed Plaintiff that she had a potential lawsuit against Portsmouth Abbey, nor did they inform her about any potential or real statute of limitations for her claims against Portsmouth Abbey." *See* Ex. A, Compl. ¶ 18. While Defendant vigorously disputes any liability or damages arising from Plaintiff's Complaint, Plaintiff could assert the measure of damages in a malpractice action is "the value of the lost claims, *i.e.*, the amount that would have been recovered by the client except for the attorney's negligence." *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 8, 310 P.3d 611 (quoting *George v. Caton*, 1979-NMCA-028, ¶¶ 46-47, 93 N.M. 370, 600 P.2d 822). That the amount in controversy is potentially more than $75,000 is further evidenced by other cases involving similar alleged damages. *See Marrujo v. Swift Transportation Co., Inc.*, No. CV 98-1222 BB/DJS, 1999 WL 35809010, at *2 (D.N.M. Aug. 6, 1999) ("[Defendant] set out in its Notice of Removal the alleged injuries sustained by [Plaintiff]. Based on those allegations, [Defendant] then made a determination that it could be subjected to potential liability in excess of $75,000. [Defendant] made this determination by an analogy to jury verdicts in cases with similar alleged injuries, and the Court believes that such an analogy is sufficient."); *Martinez v. A.P. Green Indus., Inc.*, No. CV 02-398 JP/WWD, 2002 WL 35649701, at *3 (D.N.M. Sept. 30, 2002) ("[T]his Court believes that the jury verdicts provide some reliable evidence of the amount in controversy."). For example, in *Jane Doe Mother v. City of Belen School District, et al.*, Case No. 1:00-cv-00163-BB-LFG (D.N.M. Feb. 9, 2000), a female minor allegedly suffered posttraumatic stress disorder after she was sexually molested by a teacher at the defendant elementary school, where she was a student. That case resulted in a settlement of $95,000.00. *See* Order Approving Settlement on Behalf of a Minor, Case No. 1:00-cv-00163-BB-LFG, attached hereto as Exhibit C. Similarly, in *Gorman Jr. v. Coyote Canyon Rehabilitation Center, Inc., et al.*, Case No. D-202-CV-1997-02417, a 23-year-

old male alleged emotional distress after he was sexually assaulted by an employee of a medical facility, where he was a resident patient. That case resulted in a plaintiff verdict in the amount of $180,000. *See* Register of Actions for *Gorman Jr. v. Coyote Canyon Rehabilitation Center, Inc., et al.*, Case No. D-202-CV-1997-02417, attached hereto as Exhibit D, showing jury verdict on February 4, 2002.

25. While Defendant disputes Plaintiff's claims, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied, and this case is appropriate for removal.

## IV. Consent of Doe Defendants Not Required.

26. Plaintiff has not amended her Complaint to identify any "Doe" defendants and, further, she has not served these fictitious defendants. The consent of these fictitious and unserved defendants is therefore not required for removal. *See Doe v. Sunflower Markets*, 831 F. Supp. 2d 1276, 1279-1280 (D.N.M. 2011) (when removing party has no basis to conclude that a defendant has been served at time of removal, that party is not obligated to secure consent of unserved defendant before removal).

27. Federal jurisdiction is thus appropriate pursuant to 28 U.S.C. § 1441.

## V. Conclusion.

28. Defendant, Lewis Roca, has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.

WHEREFORE, the above captioned case against Defendant is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant respectfully requests that this Court assume full jurisdiction over the action as provided by law.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By: */s/ Rufus E. Thompson*
Rufus E. Thompson (ret@modrall.com)
Tim L. Fields (tlf@modrall.com)
Tiffany L. Roach Martin (tlr@modrall.com)
P.O. Box 2168
Albuquerque, NM 87103-2168
Telephone: (505) 848-1800
Fax No. (505) 848-9710

I HEREBY CERTIFY that on the 30th day of December, 2020, I filed the foregoing electronically through the CM-ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing on Plaintiff's counsel by e-mail at the address listed below.

F. Michael Hart
Kelly Stout Sanchez
Martinez Hart Thompson & Sanchez, PC
1801 Rio Grande Blvd. NW, Suite A
Albuquerque, NM 87104
505-343-1776
505-344-7709 fax
mikeh@osolawfirm.com
kellys@osolawfirm.com

David M. Ring
Neil K. Gehlawat
Taylor & Ring
1230 Rosencrans Ave., Suite 360
Manhattan Beach, CA  90266
310-209-4100
ring@taylorring.com
gehlawat@taylorring.com

By: *Rufus E. Thompson*
Rufus E. Thompson