UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE,
           Plaintiff,

v.                                        C.A. No.: 2020-500-WES-PAS

ORDER OF ST. BENEDICT in PORTSMOUTH,
RHODE ISLAND, a religious entity,
MICHAEL BOWEN SMITH, an individual,
           Defendants.

## DEFENDANT ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Order of St. Benedict in Portsmouth, Rhode Island ("Portsmouth Abbey") submits its reply memorandum in support of its Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff Jane Doe ("Jane") did not file this suit until December 1, 2020 - six years and two months after her causes of action accrued upon her eighteenth birthday in October 2014 under R.I. Gen. Laws § 9-1-19. In claiming her belatedly filed lawsuit should be deemed timely, Jane seeks to alter Rhode Island statute of limitations law in a manner that has not been recognized by the Rhode Island General Assembly nor the Rhode Island Supreme Court, which would have the resulting effect of more than doubling the controlling three-year limitation period under R.I. Gen. Law § 9-1-14(b).

**I.    ARGUMENT**

    **A.    Rhode Island law has not applied equitable estoppel to the extent argued by Jane.**

As Portsmouth Abbey details in its Motion to Dismiss, the running of Jane's three-year limitation period under § 9-1-14(b) had already spanned two-years and four months as of February 2017, when she formed her attorney-client relationship with Lewis Roca Rothgerber

Christie LLP ("Lewis Roca"). After that relationship ended in November 2017, Jane waited three-years and one month to file this lawsuit on December 1, 2020.[1]

Jane's First Amended Complaint offers no explanation justifying her prolonged inaction after November 2017. She has pled not any alleged acts or omissions by Portsmouth Abbey between November 2017 and December 1, 2020, nor any allegations of any interactions or communications between her and her alma matter during this over three-year time period. Jane's allegations indicate only that, after November 2017, she was enrolled in college through 2020. Am. Comp. ¶ 62.

In her assertion of equitable estoppel, Jane relies significantly upon federal cases applying the doctrine in different contexts under federal law. Federal law does not apply because this case is before the Court based upon diversity jurisdiction. Rhode Island law determines the limitations period and any alteration of its application. *Henry v. Sheffield*, 856 F. Supp. 2d 345,

---

[1] On the same day that she initiated this case, Jane filed a parallel case in New Mexico state court against Lewis Roca, which the law firm removed to New Mexico Federal District Court. *Jane Doe v. Lewis Roca Rothgerber Christie LLP*, Case No. 1:20-cv-01365-KWF-LF (D.N.M.). Jane takes inconsistent positions in her two lawsuits. Here, she alleges that she may pursue a claim against Portsmouth Abbey for personal injuries. In the New Mexico case, she contends that Lewis Roca committed legal malpractice by not advising her of the applicable Rhode Island statute of limitations for a claim against Portsmouth Abbey, which she claims has precluded her legally from being able to pursue personal injury claims against the school. If Plaintiff is correct in the New Mexico case, then she must concede that she has no timely claim in this case. Otherwise, she would have no legal malpractice claim against Lewis Roca. *See Encinias v. Whitener Law Firm*, 310 P.3d 611, 616 (N.M. 2013) (an essential element of a legal malpractice claim under New Mexico law is that "the negligence resulted in and was the proximate cause of loss to the [client]."). In fact, in her most recent filing in the New Mexico litigation, Jane responded to an order to show cause why her actual name should not be disclosed in filings. In her response dated March 9, 2021, Jane wrote that regarding her allegations of Lewis Roca's legal malpractice, "Plaintiff is still required to prove the 'case within the case' in order to prevail; in other words, she has to prove that but for Lewis Roca's negligence, she *would have prevailed* in her case against [Portsmouth Abbey]." (ECF Doc. No. 23 at 3) (italics added).

2

352 n. 5 (D.R.I. 2012) (citing Wright & Miller, Federal Practice and Procedure, § 1056 at 244-46).

As Portsmouth Abbey addressed in its Motion to Dismiss, the Rhode Island Supreme Court has recognized that the doctrines of "equitable estoppel" and "equitable tolling" have often been conflated in their usage and application. *Rivera v. Employees' Retirement System of Rhode Island*, 70 A.3d 905, 912-13 & n. 11 (R.I. 2013) ("We are aware that there is a high degree of conceptual overlap between equitable tolling and equitable estoppel and that courts throughout the nation have sometimes applied the equitable estoppel doctrine where we would have viewed the equitable tolling doctrine as more appropriate.") (citations omitted). *See also Polanco v. Lombardi*, 231 A.3d 139, 155-56 (R.I. 2020) ("Thus, it is clear that a prerequisite of this Court's extension of a statute of limitations based on equitable tolling is either a plaintiff who is not able to discover his or her injury despite diligent efforts or extraordinary circumstances that prevented a plaintiff from complying with the deadline despite using reasonable diligence.").

The Rhode Island Supreme Court has further held that, in the context of a statute of limitations analysis, "the principle of estoppel" is often addressed under Rhode Island law through the General Assembly's legislative enactments. *Cainiello v. Shatkin*, 82 A.2d 826, 828 (R.I. 1951) (citing to ch. 510, § 7, a predecessor version of § 9-1-20). In a narrow context not at issue here, the Rhode Island law has judicially recognized that estoppel may prevent a limitations defense where an insurer's actions in settling a claim impacted the claimant's timing in filing suit. *Greater Providence Trust Co. v. Nationwide Mutual Fire Ins. Co.*, 116 R.I. 268, 273, 355 A.2d 718, 721 (1976). *See also McAdam v. Grzelczyk*, 911 A.2d 255, 259-60 (R.I. 2006) (citing *Greater Providence Trust Co.*); *Martin v. Howard*, 784 A.2d 291, 302 n.3 (same); *Gagner v. Strekouras*, 423 A.2d 1168, 1170 (R.I. 1980) (same). The Rhode Island Supreme Court,

3

however, has not applied common law equitable estoppel as broadly as Jane argues in her opposition.

This Court's analysis in *Henry* is illustrative to show that claims should remain subject to a filing deadline, when an equitable doctrine is applied under Rhode Island law to modify the strict application of a statute of limitations. In that action, two grandchildren brought an action against their uncle and the attorney who drafted a codicil to their grandfather's will, alleging various claims for the defendants' roles in the alteration of the estate's distribution. 856 F. Supp. at 348-49. Although the plaintiffs should have received notice of the probating of the estate in the mid-1990's, they were not notified of a 1995 probate court decree that impacted their grandfather's estate. *Id*. at 349. In the fall of 2004, one of the plaintiffs suspected that changes were made to the estate during its probating and requested a copy of the probate court's file, which a clerk provided in February 2005. *Id*. Over four years later in July 2009, the plaintiffs filed their lawsuit. *Id*.

In *Henry*, the Court analyzed the limitations periods applicable to the plaintiffs' claims of legal malpractice and fraud. The Court held that the limitations periods did not start to run upon the entry of the 1995 decree, but rather in February 2005 when the plaintiffs were first informed of the decree. *Id*. at 353-54. The Court ruled that the legal malpractice claim, subject to a three year limitations period under R.I. Gen. Laws § 9-1-14.3(2), was timed-barred because it was not filed before February 2008. *Id*. at 353. The fraud claim, subject to Rhode Island's ten-year catchall statute of limitations, was timely filed within ten years of February 2005. *Id*. at 353-54.

Contrary to Jane's contention on page 5 of her opposition, the Court in *Henry* did not prevent the defendants from asserting a statute of limitations defense. Rather, in analyzing the parameters of the defense, the Court addressed when the applicable statutory limitations periods

4

started to run and when they ended. Portsmouth Abbey applies a similar structured framework to the six-year and two-month time period between (1) the starting date of § 9-1-14(b)'s three-year statute of limitations in October 2014 and (2) Jane's filing of this lawsuit on December 1, 2020. By contrast, Jane contends that the Court should prevent Portsmouth Abbey from ever being able to challenge the timeliness of her filing of this lawsuit (no matter when she may have elected to file it after the termination of her relationship with Lewis Roca). This Court should not stretch the bounds of equity to the implausible extent sought by Jane.

**B. Section 9-1-51(a)(2), effective on July 1, 2019, does not apply to Jane's causes of action.**

As both parties have noted, the Rhode Island General Assembly amended § 9-1-51 (effective July 1, 2019) to enact § 9-1-51(2), prescribing a statute of limitations specific to claims against non-perpetrator defendants in civil actions based on sexual abuse or exploitation of a minor (supplanting the prior application of § 9-1-14(b) to such claims). Section 9-1-51(2) now allows the filing of claims against a non-perpetrator defendant within the later of thirty-five years of the acts alleged to have injured the minor or seven years after the victim discovered or reasonably should have discovered the injury.

On pages 9-10 of her opposition, Jane suggests that her claims may fall within the longer limitations period under § 9-1-51(2), which she has not pled in her First Amended Complaint. If Jane believes the 2019 statutory amendment applies, she would have no reason to seek to estop Portsmouth Abbey from asserting a statute of limitations defense, nor file a separate legal malpractice case against Lewis Roca alleging that the law firm allowed the limitations period to expire.

For § 9-1-51(a)(2) to apply, Jane's claims against Portsmouth Abbey must have still been timely as July 1, 2019, which they were not. § 9-1-51(a)(3). Section 9-1-51(a)(2) cannot be

5

asserted retroactively against Portsmouth Abbey.  *See Kelly v. Marcantonio*, 678 A.2d 873, 883 (R.I. 1996) (declining to apply retroactively an amendment to a prior version of 9-1-51 relating to claims against perpetrator defendants.)

### C. Section 9-1-20 does not apply to Jane's allegations.

Section 9-1-20, titled "*Time of accrual of concealed cause of action*," states:

> If any person, liable to an action, by another, shall fraudulently, by actual misrepresentation, conceal from him or her the existence of the cause of action, the cause of action *shall be deemed to accrue* against the person so liable at the time when the person entitled to sue thereon shall first discover its existence. (Italics added).

Jane's First Amended Complaint does not cite to § 9-1-20.  Further, she has not pled any factual basis to apply § 9-1-20 to toll the October 2014 accrual date.  *See Astle v. Card*, 52 R.I. 357, 361, 161 A. 126, 128 (1932) ("It is generally held that mere ignorance of the facts which constitute a cause of action will not postpone the operation of the statute of limitations, but rather the statute of limitations will run from the time the cause of action first accrues notwithstanding such ignorance.").  Jane has not pled that she was of "unsound mind" in October 2014.  Further, Jane pleads that by no later than the spring of 2015 when she was a freshman in college, "she gained insight and clarity into what [Defendant Michael Bowen] Smith had done to her . . . ." and revealed the sexual abuse to her parents at that time.  Am. Comp. ¶ 31.  In the spring of 2015, Jane and her parents reported Smith's alleged abuse to Portsmouth Abbey.  *Id*. ¶ 32.

Jane has not pled any allegations suggesting that, in the spring of 2015, Portsmouth Abbey said or did anything to dispel her awareness of Smith's alleged sexual abuse and her personal injuries.  When she next contacted Portsmouth Abbey nearly two years later in February 2017, Jane again does not plead that Portsmouth Abbey said or did anything at that later time to dispel her awareness of the alleged abuse and her injuries.  Consequently, § 9-1-20 cannot be

applied to reset the accrual date of Jane's causes of action beyond October 2014 and deem her lawsuit to be timely filed on December 1, 2020.

> **D.     Rhode Island law has not recognized the extension of a limitations period in the manner sought by Jane here.**

The Rhode Island General Assembly has carefully balanced competing policy considerations and societal concerns relating to causes of action alleging sexual abuse of a minor.  In doing so, the legislature has expressly enacted the limitations period for claims against alleged non-perpetrator defendants – previously under § 9-1-14(b) and since July 1, 2019 under § 9-1-51(a)(2).  The General Assembly has also enacted § 9-1-19 ("Disability postponing running of the statute") and § 9-1-20 ("Time of accrual of concealed cause of action"), which can toll the starting or running of a limitations period.

The Rhode Island Supreme Court has cautioned against judicial expansions of the General Assembly's limitations period framework.  For example, in *Kelly*, the Court answered certified questions posed by Judge Ernest C. Torres of this Court and Judge Richard J. Israel of the Rhode Island Superior Court.  Showing judicial deference to the General Assembly's enactments, the Court declined to apply a common law discovery rule to claims against a non-perpetrator defendant.  678 A.2d at 878 ("We perceive of no persuasive authority considerations that the General Assembly failed to consider when enacting § 9-1-51 that would support judicial application of a discovery rule against nonperpetrator-defendants.  If a plaintiff seeks to toll the running of § 9-1-14(b) in a sexual molestation action asserted against a nonperpetrator, he or she must do so pursuant to § 9-1-19 . . . .").  *See also Hyde v. Roman Catholic Bishop of Providence*, 139 A.3d 452, 465 (R.I. 2016) ("In our opinion, reading § 9-1-19 and § 9-1-51 together makes it clear that § 9-1-51 sets forth the exclusive means by which the statute of limitations can be tolled based on the repressed recollection of childhood sexual abuse.").

Jane seeks that the Court apply the common law doctrine of "equitable estoppel" in a manner and to an extent not recognized by the Rhode Island law either legislatively or judicially. Respectfully, this Court should decline to do so. *Doe v. Trs. of Bos. Coll.*, 942 F.3d 527, 535 (1st Cir. 2019) ("Federal courts are not free to extend the reach of state law.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Doe v. Brown Univ.*, 304 F. Supp. 3d 252, 261, 262 (D.R.I. 2018) (a federal court should not extend state law on matters of "sweeping social implications," which are questions better addressed by the state legislature).

      **E.**      **Plaintiff has not addressed Portsmouth Abbey's argument that it cannot be held liable for Smith's actions after Jane's graduation.**

If the Court allows Jane's First Amended Complaint to survive dismissal on statute of limitations grounds, it should nonetheless dismiss the portion of her pleading purporting a legal duty that has not been recognized under Rhode Island law (seeking to hold a school liable for an ex-employee's alleged actions against a former student in interactions outside of the school's programs or activities). Specifically, Jane pleads that Portsmouth Abbey should be held liable for Smith's alleged sexual harassment and cyberstalking after her June 2014 graduation through the present day, including a nearly six-year period (from the spring of 2015 to the present) when both Jane and Smith have resided outside that State of Rhode Island. Am. Comp. ¶ 70 ("Portsmouth Abbey is liable for this ongoing misconduct and also had a duty to put an end to it given that Smith formerly worked for them and his harassment of Plaintiff commenced while the two of them were at Portsmouth Abbey."). Jane has not cited any Rhode Island authority imposing such a legal duty upon Portsmouth Abbey.

8

## II. CONCLUSION

For the reasons stated in Portsmouth Abbey's Motion to Dismiss and addressed above, the Court should dismiss Jane's claims against Portsmouth Abbey in her First Amended Complaint and enter a Final Judgment in Portsmouth Abbey's favor.

Defendant,

Order of St. Benedict in
Portsmouth, Rhode Island

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Fax: 401-454-1030
Email: srichard@nixonpeabody.com

Dated: March 12, 2021

## CERTIFICATE OF SERVICE

I certify that, on the 12th day of March, 2021, this Reply Memorandum was filed and served upon counsel of record via the Court's CM/ECF system.

/s/ Steven M. Richard