UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE,
           Plaintiff,

v.                                            C.A. No.: 2020-500-WES-PAS

ORDER OF ST. BENEDICT in PORTSMOUTH,
RHODE ISLAND, and
MICHAEL BOWEN SMITH,
           Defendants.

**DEFENDANT ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND'S MOTION FOR ALTERNATIVE SERVICE UPON THIRD-PARTY WITNESS LILY MERCER-PAIVA (FOR PURPOSES OF HER DOCUMENT PRODUCTION AND DEPOSITION)**

      Defendant Order of St. Benedict in Portsmouth, Rhode Island ("Portsmouth Abbey") requests that the Court enter an order allowing service by alternative means of a non-party document subpoena upon Lily Mercer-Paiva, issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. Counsel for Plaintiff and Defendant Michael Bowen Smith have received a copy of the document subpoena that Portsmouth Abbey seeks to serve upon Ms. Mercer-Paiva. Additionally, Portsmouth Abbey will depose Ms. Mercer-Paiva, so it also requests the right to serve a deposition subpoena upon her via email later during fact discovery.

    **I.**     **Background**

      Ms. Mercer-Paiva, like Plaintiff, graduated from Portsmouth Abbey in May 2014. Plaintiff and Ms. Mercer-Paiva were roommates for two years and close friends during their four years at Portsmouth Abbey. Plaintiff has identified Ms. Mercer-Paiva as a witness, who is expected to testify "with respect to [alleged] red flags ignored by Portsmouth Abbey." (Pl.'s Interrogatory Resp.).

4873-5388-6495.1

Shortly after Plaintiff commenced this litigation, Ms. Mercer-Paiva spoke to a Boston Globe reporter, Zoe Greenberg, discussing the allegations at issue. According to the Boston Globe article, Plaintiff told Ms. Mercer-Paiva that "she was sexually involved with [Defendant Michael Bowen] Smith." The article also indicates that Ms. Mercer-Paiva has maintained records of communications between her and Defendant Smith relating to Plaintiff, which Ms. Mercer-Paiva shared with the reporter.

On April 29, 2022, Portsmouth Abbey attempted to serve a subpoena for the production of documents upon Ms. Mercer-Paiva at her last known address in St. Augustine, Florida, which is based upon the information that she provided to Portsmouth Abbey for its alumni records. Upon attempting service, the service processor spoke with a resident, who stated that he has lived at the address since April 2021 and that Ms. Mercer-Paiva is unknown to him. (*See* May 2, 2022 Email from Capitol Process Services, attached hereto as Exhibit 1). Portsmouth Abbey has no other residential address for Ms. Mercer-Paiva.

During discovery, Portsmouth Abbey has received copies of communications containing Ms. Mercer-Paiva's email address, including one of her communications with the Boston Globe reporter. Therefore, Portsmouth Abbey requests that the Court allow electronic service of the document subpoena, utilizing the email address that Ms. Mercer-Paiva used to communicate with the Boston Globe reporter. Portsmouth Abbey requests that it also be allowed to use similar electronic service of a subpoena when it wishes to notice Ms. Mercer-Paiva's deposition.

**II.     Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45. It is well established that notice to a party must be "reasonably calculated, under all the circumstances, to apprise interested parties .

. . of the action, and to allow them opportunity to appear and present their objections," to satisfy due process requirements. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The means employed to provide notice must be reasonably designed to actually inform those affected. *Id*.

Recently, a growing number of courts have permitted alternative methods of serving a subpoena under Rule 45. *See BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *1 (D. Ariz. Feb. 10, 2020) (permitting service of Rule 45 subpoena by email and certified mail); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 2019 WL 1323116, at *3-4 (S.D. Fla. Feb. 22, 2019) (permitting service of subpoenas via FedEx or UPS as such methods are reasonably calculated to ensure receipt of the subpoena by the witness); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding that service was effectuated when made by FedEx and certified mail); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (approving of use of certified mail to deliver subpoenas); *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC,* No. 06-cv-13516-VM-THK, 2008 WL 3833238, at *3 (S.D.N.Y. Aug. 15, 2008) (permitting service of deposition subpoena by delivering a copy of the subpoena to the non-party witness's place of employment and mailing a copy via first class mail). Moreover, "it is far from unusual for a court to authorize alternative service of a subpoena upon a party's request after that party has attempted personal service without any success." *BBK Tobacco & Foods LLP*, 2020 WL 619675, at *2.

Additionally, given that Rule 45 does not explicitly require personal service, there is "no reason to inflate the costs of litigation by ruling out . . . sensible option[s] for serving a subpoena." *Ott*, 682 F.3d at 557. Permitting alternative methods of service under Rule 45 is consistent with the premise that the Federal Rules of Civil Procedure "should be construed and administered to

3

secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III.     Argument

Portsmouth Abbey attempted to effectuate service at its last known address of Ms. Mercer-Paiva, based upon the information that she provided to her alma matter. This attempt revealed that Ms. Mercer-Paiva no longer resides at the address. Service via Ms. Mercer-Paiva's email address is "reasonably calculated" to apprise her role as a witness in this action. *See Mullane*, 339 U.S. at 314. Moreover, permitting service of the subpoena via email will promote the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

### IV.     Conclusion

Portsmouth Abbey requests that the Court enter an order allowing for an alternative method of service (via email) upon Ms. Mercer-Paiva, for purposes of a document subpoena at this time and a deposition subpoena later during fact discovery.

**Defendant,
Order of St. Benedict in
Portsmouth, Rhode Island**

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Fax: 401-454-1030
Email: srichard@nixonpeabody.com

Dated:  May 11, 2022

4

<u>CERTIFICATE OF SERVICE</u>

  I certify that, on the 11th day of May, 2022, this motion was filed and served upon counsel of record via the Court's CM/ECF system.

                   <u>/s/ Steven M. Richard</u>