UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE,
          Plaintiff,

v.                                                           C.A. No.: 2020-cv-500-WES-PAS

ORDER OF ST. BENEDICT in PORTSMOUTH,
RHODE ISLAND, a religious entity,
MICHAEL BOWEN SMITH, an individual,

          Defendants.

## DEFENDANT ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND'S MOTION FOR ENTRY OF A RULE 54(b) FINAL JUDGMENT

Defendant Order of St. Benedict in Portsmouth, Rhode Island ("Defendant") moves for the Court's entry of a final judgment under Federal Rule of Civil Procedure 54(b). There is no just reason for delay, and a Rule 54(b) judgment is appropriate for the reasons stated below.

### I.    BACKGROUND

The Court's Memorandum and Order, granting Defendant's motion for summary judgment, directs that "Judgment shall enter accordingly." On February 9, 2024, a judgment was entered in favor of all defendants, including Michael Bowen Smith who was not a party to Defendant's motion for summary judgment and is represented by separate counsel. (Doc. No. 82). On February 13, 2024, the Court vacated the judgment and entered an amended judgment in favor of Defendant and against Plaintiff. (Doc. No. 83). The amended judgment states that it entered in accordance with Rule 58, but it does not reference Rule 54(b).

## II.  ARGUMENT

Rule 54(b) allows the Court to enter a partial final judgment "as to one or more, but fewer than all, claims or parties" if the Court "determines that there is no just reason for delay." Rule 54(b) is reserved for the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early or separate judgment as to some claims or parties." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). "The law is firmly established in this circuit that a rote recital of Rule 54(b)'s talismanic phrase is not enough, in and of itself, to trump the wonted application of the final judgment rule." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) (citing *Spiegel*, 843 F.2d at 42). The Court should "make th[e] explicit determination [that there is no just reason for delay]" and "make specific findings and set forth its reasoning." *Id*. To order the entry of a final judgment under Rule 54(b), the Court should "consider whether the entire case as a whole and the particular disposition that has been made and for which the entry of judgment is sought fall within the scope of the rule." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2655 (2014 ed.).

There is a two-step process to determine whether a Rule 54(b) judgment is appropriate. *State St. Bank & Tr. Co. v. Brockhim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996). First, the Court must determine whether the action that underlies the partial final judgment has "the requisite aspects of finality." *Id*. Specifically, "it must be shown that the ruling, at a bare minimum, disposes fully 'of at least a substantive claim.'" *Spiegel*, 843 F.2d at 43 (quoting *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)).

Second, in the review of the case in its entirety, the Court should weigh "all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review." *Id*. The Court should determine whether there is no just reason for delay, by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (citing *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993)).

### 1. The Court's ruling meets the finality requirement.

The Court's summary judgment ruling resolves all of Plaintiff's claims against Defendant based upon its proper statute of limitations defense. The finality requirement is plainly satisfied because there are no remaining claims against Defendant that must proceed to trial.

### 2. The balancing of the equities favor the entry of a Rule 54(b) final judgment.

As pled in the First Amended Complaint (Doc. No. 11), Plaintiff asserted distinct claims against Defendant (as a non-perpetrator defendant) and Smith (as a perpetrator defendant). Smith is subject to a claim of sexual abuse. *See* Count I. There is one overlapping count pled against Defendant and Smith, in which Plaintiff asserted intentional infliction of emotional distress. *See* Count II. This count has been deemed to be time-barred against Defendant, and the allegations pertaining to Smith's alleged infliction of emotional distress include his conduct up to the summer of 2020 – occurring several years after Plaintiff graduated from the Portsmouth Abbey School in May 2014 and Smith resigned his employment at the school on May 2, 2015. Plaintiff's remaining three counts were pled against Defendant only and have been adjudicated as time-barred. *See* Counts III-V.

The Court's summary judgment ruling in Defendant's favor rests on statute of limitations grounds, which are distinct from the factual questions of Smith's liability under the remaining claims against him. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated"). Also, during the consolidated discovery in this litigation and Plaintiff's lawsuit in New Mexico Federal District Court against Lewis Roca Rothgerber Christie LLP, Smith's counsel did not participate in all of the depositions, which confirms the distinct nature of the claims against Smith.

The equities favor the entry of a Rule 54(b) judgment. As pled in the First Amended Complaint and examined during extensive discovery, Plaintiff's allegations and claims reach back to over thirteen years ago, when Plaintiff enrolled in the Portsmouth Abbey School in September 2010. A Rule 54(b) judgment will facilitate the resolution of the distinct claims against Defendant, and there is no just reason to delay its entry.

### III.   CONCLUSION

For the above-stated reasons, Defendant requests the entry of a Rule 54(b) judgment in its favor regarding the claims pled against Defendant in Plaintiff's First Amended Complaint.

Order of St. Benedict in
Portsmouth, Rhode Island

By Its Attorney,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Email: srichard@nixonpeabody.com
Dated:  February 23, 2024

## CERTIFICATE OF SERVICE

I certify that, on the 23rd day of February 2024, this motion was filed and served upon counsel of record via the Court's CM/ECF system.

/s/ Steven M. Richard

4880-7830-3143.1